### Same Case on a Re-Hearing.

MERRICK, C. J. A re-hearing was granted in this case to consider the propriety of amending the judgment heretofore rendered, so as to reserve *Richard Relf* (inadvertently made a party to the record in this court) the right · of hereafter contesting the decree.

The counsel for the appellant make no objection to the amendment, but propose that this right should be limited, so that he should be permitted to attack the will by a direct action only.

We are referred to an expression in the opinion read, wherein we say that the decree which we make (admitting the will to probate) does not exclude any one who may desire to contest the will with the appellant in a direct action, and to show that no such will was executed. This must not be understood as expressing the opinion that other means of defence may not be used, as by way of answer or exception, whenever the will is set up as a muniment of title. *Kilgore* v. *Ratliff's heirs*, 2 N. S., 301; *O'Donogon* v. *Knox*, 11 L. R., 388; *Robert* v. *Allier*, 17 L. R., 13.

It will be time to express an opinion upon this point whenever the question is properly presented.

Without indicating what modes of defence parties may adopt, we think the judgment in this case should not conclude *Richard Relf*, but that he, as well as those not parties to the suit, having an interest so to do, should be allowed to oppose to the will when set up against them, whatever defences the law permits in like cases.

It is, therefore, ordered that the judgment heretofore pronounced by us in this case, be amended by adding to the same the words: Reserving to said *Richard Relf* the right, if any he have, to oppose said will in any manner allowed by law, as fully as he could have done had he not been a party to these proceedings.